UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY SMITH, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 97-JEO-508-E |
| SUPERVALU INC., | } | |
| Defendant. | } | |

FILED 99 JUL 21 PM 2:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 21 1999

## MEMORANDUM OPINION

Before the court is the plaintiff's Motion for Reconsideration. Upon consideration of the record, the submissions of the parties and the relevant law, the court is of the opinion that the plaintiff's motion is due to be denied.

## FACTUAL SUMMARY

The plaintiff filed this action on March 3, 1997, alleging that the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, by subjecting her to hostile work environment sexual harassment, paying her less than her male counterparts and failing to promote her to any one of three different positions. She sought monetary and injunctive relief. On March 16, 1998, the defendant filed a motion for summary judgment. On February 23, 1999, the court granted the defendant's motion for summary judgment, finding that the plaintiff had failed to raise a genuine issue of material fact regarding the claims set forth in her Complaint. The court found that the plaintiff's sexual harassment-hostile work environment claim did not satisfy the requirement set forth in

63

*Mendoza v. Borden, Inc.*, 158 F.3d 1171, 1175 (11th Cir. 1998), *rehearing en banc granted, opinion vacated*, 169 F.3d 1378, (11th Cir. Mar 19, 1999),[1] that the harassment be, in the eyes of a reasonable person, sufficiently severe or pervasive to alter the terms and conditions of employment." *Mendoza*, 158 F.3d at 1175. The court also found that the plaintiff's disparate pay claim failed because there was no showing that the defendant's legitimate, non-discriminatory reason for the disparate pay was a pretext for illegal discrimination. Further, the court found that the failure to promote claims asserted by the plaintiff failed because she did not satisfy the statutory prerequisites for filing those claims.

On March 9, 1999, the plaintiff filed this Motion for Reconsideration and a memorandum of law in support thereof. Pursuant to rules 59 and 60 of the Federal Rules of Civil Procedure, the plaintiff asks the court to reconsider its order granting the defendant's motion for summary judgment, or in the alternative, to amend the judgment.

## DISCUSSION

The plaintiff asks the court to reconsider its order granting the defendant's motion for summary judgment under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. The law concerning motions for reconsideration has been summarized as follows:

> "'[a] motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Cover v. Wal-Mart Stores, Inc.*, 148

---

[1] Although the Eleventh Circuit vacated the *Mendoza* opinion when it granted a rehearing *en banc*, the portion of the *Mendoza* opinion the court relied upon was a list of elements necessary to show a sexual harassment claim, which was lifted from *Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir.1982). *See Mendoza*, 158 F.3d at 1175. *Henson* is still reliable authority.

> F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "The court will not reconsider a previous ruling when the party's motion fails to raise new issues and instead, only relitigates what has already been found lacking." *Int'l Ship Repair v. St. Paul Fire & Marine*, 922 F. Supp. 577, 579 (M.D. Fla. 1996) (citation omitted) "Courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*, (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

*Mitchell v. Crowell*, 975 F. Supp. 1440, 1442 (N.D. Ala. 1997).

In her Motion for Reconsideration, the plaintiff states that there are several reasons for the court to reconsider its order granting summary judgment. First, she states that the court did not consider evidence she offered that there is a "glass ceiling" deterring the advancement of the defendant's female employees and that the court did not assign enough weight to the evidence she offered to show that the defendant curtailed her own advancement opportunities. Second, she complains that a jury should be allowed to decide whether she has been subjected to a hostile work environment. Third, the plaintiff argues that, in evaluating her pay claim, the court should have considered as "background evidence" her allegation that she received disparate pay twenty years before she filed a charge of discrimination regarding the conduct here at issue. Fourth, she complains that the court failed to assign the proper significance to other evidence that she suffered disparate pay. These all appear to fall under the third ground listed in *Mitchell* that would justify reconsideration of a judgment–"the need to correct clear error or manifest injustice." *Mitchell*, 975 F. Supp. at 1442.

**Impact of "Glass Ceiling" Statistical Evidence on the Plaintiff's Claims**

The plaintiff asserts that the defendant segregates positions by gender, pays females less in entry level jobs and discourages females from attempting to advance into management.

She argues that the court should have used the evidence she offered in support of these allegations as "background" evidence or "policy and practice" evidence supporting her claims.[2] The plaintiff refers in the instant motion to certain Equal Employment Opportunity forms she offered in support of her Motion for Leave to Amend Complaint, which was intended to transform this case into a class action.[3] In asserting that motion, the plaintiff offered Equal Employment Opportunity Reports for the years 1995 and 1996 for the defendant's Anniston facility and a similar report generated during 1995 for the defendant's company throughout the United States. (Exhibit C to the Motion for Leave to Amend and Exhibits A and B to the Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend) (together, the "EEO forms").[4] The EEO forms for the Anniston facility reflect that a significantly higher number of men are employed there than women and that the women employees are concentrated largely in jobs within the clerical/office category, while males are concentrated largely in the jobs within the manager/official and laborer categories. The EEO form for the national company reflects that more men than women are employed and that women occupy a disproportionate number of jobs in the sales and clerical/office categories.

Statistical evidence may be relevant in an employment discrimination action. The

---

[2]The term "background evidence" generally refers to evidence of allegedly discriminatory acts that cannot form the basis for an action under Title VII because they occurred too far in the past to meet the time requirements for filing a Title VII action. *See Bazemore v. Friday*, 478 U.S. 385 (1986).

[3]The court denied this Motion for Leave to Amend on June 8, 1998.

[4]The Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend, to which the cited exhibits are attached, was not filed as a part of the court's record. The court will therefore cause said memorandum to be filed as a part of the record.

Eleventh Circuit stated that

> [w]hile plaintiffs may offer statistics evidencing that an employer engages in a pattern or practice of intentional discrimination in support of claims of individual discrimination, *see Parker v. Burnley*, 693 F. Supp. 1138, 1153 (N.D. Ga.), *order modified on other grounds*, 703 F. Supp. 925 (N.D. Ga. 1988), "statistics alone cannot make a case of individual disparate treatment." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1131 (11th Cir. 1984).
>
> . . . .
>
> "[I]n an individual case 'each plaintiff bears the burden of proving that each employment decision that adversely affected him or her was the product of a discriminatory motive.'" Id. (quoting *Perryman v. Johnson Products Co.*, 698 F.2d 1138 (11th Cir. 1983). Thus, even if the plaintiffs in the case sub judice succeed in proving that a pattern of discrimination exists or existed at B & W, each individual plaintiff will yet be called upon to prove that he or she suffered from an adverse employment decision which evidenced discrimination. *See Hill v. Metropolitan Atlanta Rapid Transit Auth.*, 841 F.2d 1533, 1541 (11th Cir. 1988), *modified on other grounds*, 848 F.2d 1522 (11th Cir. 1988), ("regardless of which method of proof a plaintiff uses, he must point to a job that he was denied because of his race") (citation omitted).

*Washington v. Brown & Williamson Tobacco Corp.*, 756 F. Supp. 1547, 1554 (M.D. Ga. 1991), *aff'd*, 959 F.2d 1566 (11th Cir. 1992).

The *Washington* court also noted that "[s]tatistical disparities, which are insufficient to demonstrate a pattern and practice of discrimination, might still be relevant in making out a prima facie case or in proving pretext." *Id.* at n.5, *citing Carmichael*, 738 F.2d at 1131; *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 832-33 (8th Cir.), *cert. denied*, 434 U.S. 856, 98 S. Ct. 177, 54 L. Ed. 2d 128 (1977); and *Talley v. United States Postal Service*, 720 F.2d 505, 507-08 (8th Cir.), *cert. denied*, 466 U.S. 952, 104 S. Ct. 2155, 80 L. Ed. 2d 541 (1984). *See also Harris v. Delchamps, Inc.*, 5 F. Supp. 2d 1316, 820 (M.D. Ala. 1998) (where statistical evidence is offered to establish pretext, plaintiff also must offer non-

5

statistical evidence in support thereof).

To be of assistance to the plaintiff, the statistical evidence must therefore be relevant to her claims and those claims must also be supported by non-statistical evidence. Here, the plaintiff does not meet these requirements. As to the hostile work environment claim, the court found that the harassment alleged by the plaintiff did not meet the fourth *Mendoza* requirement for a hostile work environment claim that the harassment be, in the eyes of a reasonable person, sufficiently severe or pervasive to alter the terms and conditions of employment." *Mendoza*, 158 F.3d at 1175.[5] The statistical evidence, which reflects the number of male and female employees and their distribution in various job categories, is not relevant to this issue. It would not impact the court's analysis or conclusions regarding the hostile work environment claim.

The statistical evidence is also irrelevant to the disparate pay claim, in which the plaintiff alleges "that she occupies a job similar to that of higher paid males." *Meeks v. Computer Assocs, Int'l.*, 15 F.3d 1013 (11th Cir. 1994). In particular, she states that Mickey Miller, a male dispatcher who allegedly performed duties similar to those she performed, made more than she did every year from 1987 to 1995. Statistics regarding the number of males and females in different job categories in one or two given years does not show whether or not the defendant paid the plaintiff less than Miller or any other male who

---

[5]The court reasoned that the evidence showed that the alleged harassment, consisting of certain overbearing conduct of the plaintiff's direct supervisor, was confined to a relatively short period of time, was infrequent and was repudiated by the supervisor's superiors. The evidence showed that it did not interfere with the plaintiff's ability to do her job. The alleged harassment was more in the nature of a personal conflict between the plaintiff and her supervisor, one in which their superiors supported the plaintiff when she complained.

allegedly performed duties similar to those she performed. Such evidence would not change the court's analysis or conclusions with respect to the plaintiff's disparate pay claim.

Although the statistical evidence might have been relevant to the plaintiff's failure to promote claims, the court found that the plaintiff failed to meet the statutory prerequisites for filing those claims. The statistical evidence therefore cannot assist the plaintiff in that regard. It would not change the court's analysis or conclusions with respect to those claims.

Because the statistical evidence is irrelevant to the plaintiff's claims and because it would not change the court's analysis or conclusions with respect to those claims, the motion for reconsideration is due to be denied. The statistical evidence does not show any "need to correct clear error or manifest injustice," which would justify reconsideration of the judgment. *Mitchell*, 975 F. Supp. at 1442. The Motion for Reconsideration is due to be denied on this basis.

**Evidence Regarding the Curtailment of Plaintiff's Advancement Opportunities**

The plaintiff also complains that the court did not place enough significance on the evidence she offered to show that the defendant curtailed her advancement opportunities, particularly her allegations that she was not allowed to attend management training seminars attended by male employees and that she was discouraged from or not encouraged to apply for promotions into management. As the court stated in its prior opinion, such evidence is far more relevant to the plaintiff's defunct failure to promote claims than to her hostile work environment and disparate pay claims. This evidence lacks the relevance to impact the court's analysis or conclusions as to the hostile work environment or disparate pay claims. Since such evidence does not show any "need to correct clear error or manifest injustice," it

does not provide a basis to justify reconsideration of the judgment. *Mitchell*, 975 F. Supp. at 1442. The Motion to Reconsider is due to be denied on this basis.

**The Claim that the Hostile Work Environment Claim Should be Decided by a Jury**

The plaintiff complains that a jury should be allowed to decide whether the plaintiff has been subjected to a hostile work environment. She apparently believes that the court overstepped its authority in finding that there was no genuine issue of material fact with respect to whether she had satisfied the requirement set forth in *Mendoza* that the harassment be, in the eyes of a reasonable person, sufficiently severe or pervasive to alter the terms and conditions of employment." *Mendoza*, 158 F.3d at 1175. Where the record taken as a whole, however, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citation omitted). The facts, as set forth by the court in its Memorandum Opinion, reflect that a rational trier of fact could not find for the plaintiff on her hostile work environment claim. This issue should therefore not be decided by a jury because the defendant is entitled to a judgment as a matter of law on the hostile work environment claim. Because the plaintiff's allegations do not show any "need to correct clear error or manifest injustice," they do not provide a basis justifying reconsideration of the judgment. *Mitchell*, 975 F. Supp. at 1442. The Motion for Reconsideration is due to be denied on this basis.

**Twenty Year Old Disparate Pay Allegations as "Background" Evidence of New Claims**

The plaintiff argues that she received disparate pay from the defendant at some point twenty years before she filed her charge of discrimination in this case. She claims that the

court should have treated these allegations as "background" evidence supporting her current disparate pay claim, rather than treating it as an untimely disparate pay claim.

If the court was indeed remiss in failing to treat the plaintiff's twenty year old disparate pay allegations as "background" evidence supporting her current claim, she was not in any way prejudiced by this omission. For a number of reasons, the court would have assigned very little weight to the twenty year old disparate pay allegations in analyzing the motion for summary judgment as to the plaintiff's current disparate pay claims. First, and most importantly, the gap of nearly twenty years between the separate instances of disparate pay detracts significantly from the probative value of the older disparate pay allegations in this action. Second, it is not clear from the evidence that the plaintiff was actually paid less than males who performed the same or similar work at that point in time. Third, it appears from the plaintiff's testimony that her actual complaint at that time had less to do with pay disparity than it did with the fact that the defendant brought in a man to take over the chief dispatcher position when the plaintiff and her colleague Jerry West were performing those duties, and that she felt that her job titles did not reflect her dispatching duties. (Pl. Depo. at 24-33, 41-44). For these reasons, the court would have assigned little weight to this purported "background" evidence. Because this evidence does not show any "need to correct clear error or manifest injustice," it does not provide a basis to justify reconsideration of the judgment. *Mitchell*, 975 F. Supp. at 1442. The Motion to Reconsider is due to be denied on this basis. The motion for reconsideration is due to be denied on this basis.

**Evidence Offered in Support of Disparate Pay Claim**

The plaintiff argues that the court did not properly consider the evidence she offered

in support of her disparate pay claim. She asks the court to review the that evidence and then reconsider its grant of summary judgment on the disparate pay claim. The court has again reviewed the evidence pointed out by the plaintiff in her Motion for Reconsideration and declines to reconsider its previous judgment.

It appears from the evidence that the plaintiff was paid less than her comparator, a dispatcher named Mickey Miller, because she offered to perform her job for compensation near the low end of the salary range for her position.[6] The evidence reflects that she told the defendant that she would do the Assistant Backhaul Coordinator job for $19,500 per year, to which the defendant agreed. Although the base salary (and therefore, the maximum and minimum salary) for Miller's position is lower than that of the plaintiff's position, Miller was at a higher relative position on his pay scale during the years in question, 1987-95, and was thus paid more during those years. The evidence also indicates that Miller had been employed by the defendant for two years longer than the plaintiff, thereby presumably allowing him additional time to rise on his pay range. (*See* Submission of Record Evidence in Support of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 48 in the Clerk of Court's record), compare Exhibits M and N at line C).[7]

---

[6]As the court pointed out in its memorandum opinion addressing the defendant's motion for summary judgment, the defendant uses the Hay Point Rating System to set compensation. Pursuant to this system, every position has a base salary, and each employee's salary is set at some amount between 80% to 120% of that figure, with employees at the low end of the range eligible for higher raises than employees at the high end of the scale.

[7] There is no indication that plaintiff made a low salary demand due to a glass ceiling, and there is no evidence as to how Miller's initial pay was set or which factors affected the speed and extent of his advancement on the salary range. The plaintiff does not allege flaws in the system of performance reviews which affects the pay raises of the defendant's employees.

In accordance with the plaintiff's Motion for Reconsideration, the court has again reviewed the evidence offered in support of the disparate pay claim. Since this evidence does not convince the court that there is a "need to correct clear error or manifest injustice," it does not provide a basis to justify reconsideration of the judgment. *Mitchell*, 975 F. Supp. at 1442. The Motion for Reconsideration is due to be denied on this basis.

## CONCLUSION

The plaintiff's Motion to Reconsider fails because it does not "demonstrate some reason why the court should reconsider its prior decision" or "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Mitchell*, 975 F. Supp. at 1442. An Order in accordance with this Memorandum Opinion will be issued contemporaneously herewith.

DONE this 21ST day of July, 1999.

JOHN E. OTT
United States Magistrate Judge